UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re: Montreal Maine & Atlantic Railway, Ltd., | )<br>)<br>) Docket No. 1:15-mc-329-NT |
| Debtor. | ) |

### ORDER ADOPTING BANKRUPTCY COURT ORDER CONFIRMING TRUSTEE'S REVISED FIRST AMENDED PLAN OF LIQUIDATION DATED JULY 15, 2015 AND AUTHORIZING AND DIRECTING CERTAIN ACTIONS IN CONNECTION THEREWITH

Out of an abundance of caution, the parties seek to have me adopt the Order Confirming Trustee's Revised First Amended Plan of Liquidation dated July 15, 2015 and Authorizing and Directing Certain Actions in Connection Therewith (the "**Order**") (ECF No. 1). The parties convinced the bankruptcy judge to submit the Order to the District Court as a recommended decision, and they have followed the procedure set forth in Bankruptcy Rule 9033 for review of non-core proceedings by an Article III judge.

All of the parties consented to the entry of the Order as a Final Order in accordance with *Wellness Intern. Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015). *See* Order 8. But the Order resolves matters that are potentially non-core. Fearing that a non-consenting party may somehow collaterally attack the Order based on the Constitutional limits on a bankruptcy judge, and unsure about the state of the law post-*Stern v. Marshall*, 131 S. Ct. 2594 (2011), the parties ask me to adopt the Order.

Under Bankruptcy Rule 9033(b), a party has 14 days after being served with a copy of the proposed findings of fact and conclusions of law to file written objections. That 14-day period has now expired and no objections have been filed. I therefore **ADOPT** the Order Confirming Trustee's Revised First Amended Plan of Liquidation dated July 15, 2015 and Authorizing and Directing Certain Actions in Connection Therewith (ECF No. 1).

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 30th day of October, 2015.